J-A25040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALEJANDRO DEJESUS | : | |
| | : | |
| Appellant | : | No. 414 MDA 2020 |

Appeal from the PCRA Order Entered February 4, 2020
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001371-2008,
CP-36-CR-0001383-2008

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED: JANUARY 15, 2021**

Appellant, Alejandro DeJesus, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 4, 2009, Appellant entered a negotiated guilty plea to third-degree murder, robbery, conspiracy, and burglary.  The court imposed an aggregate sentence of 35 to 70 years' imprisonment.  Appellant did not pursue direct review.

Between 2009 and 2017, Appellant unsuccessfully litigated several PCRA

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

petitions. On November 15, 2018, Appellant filed the current *pro se* serial PCRA petition. The court appointed counsel on January 2, 2019, who subsequently filed a motion to withdraw and a "no-merit" letter pursuant to **Turner**/**Finley**.[2] In the "no-merit" letter, counsel explained, *inter alia*, why the current PCRA petition was time-barred. Appellant filed a response on July 12, 2019, challenging counsel's legal conclusions. On January 9, 2020, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907, and granted counsel's request to withdraw. Appellant filed a *pro se* response on January 27, 2020. Following review of the response, the court denied PCRA relief on January 31, 2020.

Appellant timely filed a *pro se* notice of appeal on Monday, March 2, 2020.[3] The court did not order, and Appellant did not file, a concise statement

_____

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Appellant's underlying convictions stem from two underlying docket numbers and Appellant's current PCRA petition lists both docket numbers. Although the PCRA court denied relief at both dockets, Appellant filed only a single notice of appeal, which generally violates our Supreme Court's pronouncement in **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018) (holding common practice of filing single notice of appeal from order involving more than one docket will no longer be tolerated, because practice violates Pa.R.A.P. 341; failure to file separate appeals under these circumstances generally requires appellate court to quash appeal). Nevertheless, this Court recently held that a breakdown in the operations of the court occurs where the trial court does not inform the appellant of his appellate rights, such that this Court may decline to quash an appeal under **Walker**. **See Commonwealth v. Floyd**, ___ A.3d ___, 2020 PA Super 287 (filed December 16, 2020). Here, the order denying PCRA relief lists both

of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue for our review:

> Whether Appellant is entitled to a remand for an evidentiary hearing as the finding[s] of the PCRA court are fraught with error and have deviated from the legal standard?

(Appellant's Brief at 3).

Appellant acknowledges that his current PCRA petition is facially untimely. Appellant argues, however, that he satisfied the "newly-discovered facts" exception to the time-bar, because he obtained his mental health and school records on September 27, 2018. Appellant asserts these records disclose that at the time of his guilty plea, Appellant had been treated for psychosocial stressors, bi-polar disorder, took Prozac, and had an I.Q. of 0.59, placing him in the range of mild mental retardation. Appellant claims the trial court did not have the benefit of a pre-sentence investigation report at sentencing, so the court was unaware of Appellant's mental health issues, which could have constituted mitigating evidence to reduce his sentence. Appellant maintains he filed the current PCRA petition within 60 days of obtaining these records. Appellant concludes his current PCRA petition is timely, and this Court must remand for an evidentiary hearing. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert.*

---

docket numbers, but fails to provide any information concerning Appellant's appellate rights. Consequently, we decline to quash this appeal. ***See id.***

*denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his

petition within the relevant statutory window. *See* 42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. *Id.*

Instantly, Appellant's judgment of sentence became final on June 3, 2009, upon expiration of the time to file a notice of appeal in this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a) (allowing 30 days to file notice of appeal in this Court). Appellant filed the current PCRA petition on November 15, 2018, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar, relying on evidence of his prior mental health and school records. Although Appellant baldly claims on appeal that he could not have ascertained these records sooner with the exercise of due diligence, Appellant provides no explanation to support that assertion. Thus, Appellant has failed to satisfy the asserted time-bar exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); *Brown, supra*. Accordingly, we affirm the order dismissing Appellant's current PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/15/2021</u>